George P. Stier, J.
Motion by petitioner to confirm an arbitration award and to direct the entry of judgment thereon. The respondent cross-moves to refer the matter back to the American Arbitration Association; to allow respondent to deposit the moneys granted by the arbitration award in court subject to *339 the delivery by Ace Mechanical Contractors, Inc., of certain releases; to direct that process be issued, bringing in as parties all subcontractors of the petitioner having made claims against the respondent; or to compel petitioner and its attorneys to consummate a certain written agreement between petitioner and respondent.
The respondent is a contractor which on January 29, 1959 entered into a subcontract with the petitioner for the construction of a post-office building in Waterbury, Connecticut. Pursuant to an arbitration agreement in this subcontract, the petitioner demanded arbitration of the following disputes:
“The claim is in the amount of $45,397.98 arising out of:
“ (a) Your arbitrary and capricious refusal to pay to us the sum of $32,497.98, with interest from August 13, 1960, representing the balance due to us under the above contract, as amended from time to time, although all our obligations under said contract have been fully performed except as you have made it impossible for us to perform.
“ (b) The sum of $12,900.00 with interest from August 13, 1960, which you have arbitrarily and capriciously refused to pay to us although we have discharged all of our obligations and liabilities under said contract except as you have made it impossible for us so to do.
“(c) Your arbitrary and capricious termination of the said contract by telegram despite your knowledge that the contract was complete in every respect except as you have made it impossible to complete same.”
The respondent consented to the arbitration of these disputes, attended the hearings of the arbitrators and submitted evidence thereat.
Paragraph (b) of the aforesaid arbitration demand concerned the dispute with respect to the sum of $12,900 which the petitioner apparently had paid to the respondent in lieu of a performance bond pursuant to the subcontract. The subcontract provided that this sum was to be paid within ten days following the execution of the subcontract ‘ ‘ to insure the faithful and proper performance of all of the subcontractors’ duties and obligations under this subcontract”.
The subcontract provided further that:
‘ ‘ In the event the subcontractor has not supplied the performance and payments bonds as aforesaid by 5:00 p.m. of the tenth (10th) day following the date of execution of this subcontract by the subcontractor, then and in that event, the general contractor, at its sole option, may either terminate this subcontract and return so much of the twelve thousand, nine hun *340 dred dollars ($12,900.00) at the time of such termination as the general contractor, in its sole discretion, determines to be unnecessary for its protection against the claims or prospective claims of material men, laborers, suppliers, and the like arising out of the activities of the subcontractor under this subcontract. Or, in the alternative, the general contractor may permit the subcontractor to continue on the job under all of the terms and conditions set forth within this contract, with the general contractor retaining the said twelve thousand, nine hundred dollars, ($12,900.00) in its entireties, in addition to the ten per cent (10%) retainage set forth in Paragraph 13 of this contract until such time as the general contractor is satisfied that the subcontractor has completed its sub-contractual obligations and has furnished to the general contractor satisfactory proof that it has discharged all of its obligations and liabilities, contingent or otherwise, liquidated or non-liquidated, arising out of the subcontract.
“ Notwithstanding anything contained herein to the contrary, the general contractor shall return the entire sum of twelve thousand, nine hundred dollars ($12,900.00) to the subcontractor upon the subcontractor’s posting of one hundred per cent (100%) performance and payment bonds as hereinbefore provided.”
An issue with respect to the discharge of the petitioner’s liabilities to its subcontractors and materialmen prior to its right to the return of the $12,900 was thus clearly before the arbitrators. Moreover, the petitioner admits that it assured the arbitrators that it would discharge its obligations although it denies the respondent’s contention that it assented to the conditioning of the award to be granted by the arbitrators on its supplying releases from its subcontractors and materialmen.
The award of the arbitrators, however, is silent as to a number of questions relating to the issue of the discharge of the aforesaid liabilities to its subcontractors and materialmen. These questions are: (1) Has the petitioner discharged these obligations and, if so, has it furnished the respondent with satisfactory proof thereof? (2) If it has satisfied these obligations and has not supplied the respondent with satisfactory proof thereof is it required to supply such proof prior to the payment of the award by the respondent? (3) If the petitioner has not discharged its subcontractual obligations, is it required to do so ? (4) If so, must it do this and supply satisfactory proof thereof prior to the payment of the award by the respondent or is it to use a part of the award for that purpose after it has received payment from the respondent? (5) If it must use part of the award to satisfy these obligations after it has received payment *341 of the award, must it then supply the respondent with satisfactory proof? (6) What constitutes satisfactory proof of payment?
As some further evidence that the parties contemplated that the award would dispose of the aforesaid issues and considered the award incomplete when it did not so dispose of them, it appears that subsequent to the receipt of the award the petitioner and respondent entered into negotiations for a contract which would have provided that part of the award be held in escrow by the petitioner’s attorneys for the payment of the petitioner’s subcontractual obligations and that these said attorneys would furnish proof of payment to the respondent.
Accordingly, since the award does not itself dispose of the aforesaid issues nor does it indicate the intentions of the arbitrators with respect to them, it is necessary that the matter be remitted for the purpose of clarifying the award so as to indicate the arbitrators’ disposition with respect to those issues. (Matter of Ritchie Bldg. Co. [Rosenthal], 9 A D 2d 880.)
Petitioner’s motion is denied. Respondent’s cross motion is granted to the extent of remitting the matter to the same arbitrators for the limited purpose of clarifying the aforesaid issues. In all other respects, the cross motion is denied without prejudice to a plenary action by the respondent to enforce any rights it might have by reason of the alleged subsequent agreement.